UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PICKEN,

    Plaintiff,

                                    Case No. 11-13044

v.

                                    Hon. John Corbett O'Meara

LOUISVILLE LADDER, INC., and
CUPRUM S.A. de C.V.,

    Defendants.
_____/

## OPINION AND ORDER DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the court is Defendants' motion for summary judgment, filed June 6, 2013. The court heard oral argument on July 25, 2013, and took the matter under advisement. For the reasons explained below, Defendants' motion is denied in part and granted in part.

## BACKGROUND FACTS

This is a product liability case involving a stepladder. Plaintiff was using his Cuprum Type 1A 8-foot stepladder, which was manufactured in 1995, on April 7, 2010. Plaintiff was standing on the fifth step from the bottom and was sanding drywall overhead in a skylight. Plaintiff testified that, without warning, the ladder fell out from under him, causing him to injure his hip and elbow. The right side

rail of the ladder was fractured.

Plaintiff has retained two experts, Jack R. Vinson and James L. Glancey, to testify and prepare a report. Plaintiff's experts have concluded that the right side rail of the ladder failed as a result of a design defect. See Report at 7-8, Docket No. 44-6 ("The subject ladder possesses design defects such that it is not capable of withstanding the forces generated in the front side rails during foreseeable use.").

## LAW AND ANALYSIS

### I.   Design Defect

Defendants have moved for summary judgment on all of Plaintiff's claims: negligent design, breach of implied warranty, breach of express warranty, and gross negligence. In order to succeed on his negligence claim, Plaintiff must establish a casual connection between the alleged design defect and the injury he sustained. See Skinner v. Square D. Co., 445 Mich. 153, 165 (1994). "The plaintiff is not required to eliminate all possible alternate causes of accident, even when other plausible theories have some evidentiary support. Rather, under Michigan law, a plaintiff need only provide a logical sequence of cause and effect from which a reasonable jury could infer a defective product." Sundberg v. Keller Ladder, 189 F. Supp.2d 671, 680 (E.D. Mich. 2002).

Essentially, Defendants contend that the experts' analysis is flawed and that Plaintiff cannot prove that an alleged defect proximately caused his fall. Defendants contend that the experts generated a "worst-case scenario" (that Plaintiff would have had all of his weight on the right side of the ladder) in order to describe how the ladder failed. Defendants argue that, because Plaintiff was not situated solely on the right side of the ladder when he fell, the experts cannot establish that a design defect caused his injury. Defendants suggest that because the experts did not recreate exactly how Plaintiff was using the ladder, they cannot show causation.

Defendants appear to misunderstand the experts' theory, however. According to Vinson and Glancey, the ladder material was not meant to handle the stress placed upon it in normal use. They do not appear to contend that the only way the ladder could have failed is if 100% of Plaintiff's weight was loaded on one rail. See Report at 7-8. Moreover, Glancey explained in his deposition that, based upon their analysis and experiments, the failure of the ladder was "completely consistent with actually what [Plaintiff] was doing." Glancey Dep. at 62. See also id. at 60-67. Defendants appear to equate a "worst-case scenario" with use of the ladder that would rarely or never happen; however, the experts suggest that "you have to take the worst case load because you know it's going to happen sometimes.

-3-

. . . why would you design a ladder that the guy has to right up the middle and he dare not move his belt buckle off the center, you see." Vinson Dep. at 45, 47.

Defendants may take issue with the methodology and reliability of Vinson and Glancey's opinions; however, that is not before the court here. Rather, Defendants have moved for summary judgment on Plaintiff's design defect and other claims. With respect to the design defect claim, Defendants argue that Plaintiff cannot show that any defect in the ladder caused his fall. However, given the facially reliable nature of the experts' opinion that design defects in the ladder caused it to fail under Plaintiff's normal use, summary judgment is not appropriate. This is in contrast to the case relied upon by Defendants, <u>Cavalier v. Werner Co.</u>, 976 F. Supp. 672 (E.D. Mich. 1997), in which the expert's theory of how the ladder failed was not consistent with the plaintiff's testimony of how he was using the ladder. Here, Vinson and Glancey calculated the stress placed on the ladder based upon Plaintiff's weight and location on the fifth step on the ladder, and took into account Plaintiff's activity (sanding) at the time of the accident. Defendants' disagreement with the experts' calculations does not require the entry of summary judgment in their favor.

## II.     **Breach of Implied Warranty**

Defendants contend that in a products liability action against a manufacturer for a design defect, there is a single unified theory of negligent design and the jury should not be instructed on the breach of warranty theory. See Prentis v. Yale Mfg., 421 Mich. 670, 692 (1984). Plaintiff seems to agree, but suggests that he have the opportunity to decide whether to proceed on either breach of warranty or design defect at the time of trial. As the Prentis court explained, however, in an action against the manufacturer of a product based upon an alleged defect in its design, "breach of implied warranty and negligence involve identical evidence and require proof of exactly the same elements." Id. at 692. Under either theory, Plaintiff must show that the ladder was defectively designed. Id. "Therefore we hold that in a products liability action against a manufacturer, based upon defective design, the jury need only be instructed on a single unified theory of negligent design." Id. Accordingly, to the extent Defendants are requesting that the jury be instructed on a single theory of negligent design, rather than design defect and breach of implied warranty, the court will grant their motion.

### III. Express Warranty

Defendants allege that Plaintiff has not produced evidence of a breach of an express warranty. Plaintiff responds, however, that he relied upon the weight limit stated on the ladder when he purchased it. See Picken Dep. at 40-41 ("that was

-5-

why I bought it because I figured the more weight it would support, the more sturdy it was . . . ."). Plaintiff was 220 pounds at the time of the accident; the ladder was rated to support 300 pounds. In light of these facts, which Defendants do not challenge, Plaintiff has provided sufficient evidence to support his express warranty claim. See M.C.L.A. 440.2313(1)(b) ("A description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.")

## IV. Gross Negligence

"Gross negligence is conduct that is so reckless that it demonstrates a substantial lack of concern for whether an injury results." Xu v. Gay, 257 Mich. App. 263, 269 (2003). Defendants suggest that Plaintiff cannot set forth a case of gross negligence because Plaintiff's ordinary negligence claim fails. As discussed above, however, Plaintiff's negligent design cause of action survives. Defendants have not otherwise met their burden of demonstrating that they are entitled to judgment as a matter of law on Plaintiff's gross negligence claim.

## ORDER

IT IS HEREBY ORDERED that Defendants' June 6, 2013 motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent

with this opinion and order.

           s/John Corbett O'Meara
           United States District Judge

Date:  July 29, 2013

  I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 29, 2013, using the ECF system.

           s/William Barkholz
           Case Manager