UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PICKEN,

    Plaintiff,

Case No. 11-13044

v.

Hon. John Corbett O'Meara

LOUISVILLE LADDER, INC., and
CUPRUM S.A. de C.V.,

    Defendants.

_____/

## ORDER REGARDING
## MOTIONS IN LIMINE

    This is a products liability case in which Plaintiff fell off of a stepladder. Plaintiff contends that the ladder was defectively designed; Defendants maintain that Plaintiff lost his balance or was misusing the ladder. Trial is scheduled for June 11, 2014. The parties have filed several motions in limine, which are addressed below.

**I.   Defendants' Motion to Preclude Argument regarding Number of Ladder Accidents (Docket No. 64)**

    Defendants seek to preclude testimony regarding the number of ladder accidents that occur each year, arguing that such testimony is irrelevant and more prejudicial than probative pursuant to Federal Rules of Evidence 401 and 403. To the contrary, however, statistics regarding ladder accidents may be relevant to the

foreseeable risk of injury, which a plaintiff must demonstrate in a design defect case. See Hollister v. Dayton Hudson Corp., 201 F.3d 731, 738-740 (6th Cir. 2000) (referring to Consumer Product Safety Commission report regarding injuries associated with flammable clothing as evidence of the foreseeable risk of likely and severe injury). The court will assess the relevancy and admissibility of the particular statistics Plaintiff seeks to admit after a proper foundation is laid at trial. The court will deny Defendants' motion without prejudice.

## II. **Defendants' Motion to Preclude Reference to Recall (No. 65)**

Defendants seek to preclude evidence of a 2007 recall of an extension ladder, arguing that such evidence is irrelevant and prejudicial because the ladder at issue here – a stepladder manufactured in 1995 – is not similar. Plaintiff has not filed a response to this motion. It does not appear to the court that the 2007 recall is relevant to this matter, in that it is no way related to the ladder at issue. Accordingly, the court will grant Defendants' motion.

## III. **Defendants' Motion to Preclude Reference that Defendant Cuprum S.A.de C.V. Is a Mexican Company (No. 66)**

Defendants seek to preclude reference to the fact that Defendant Cuprum is a Mexican company and that the ladder was manufactured at a plant located in Monterey, Mexico. Defendants suggest that Plaintiff pursued a line of questioning implying that, because the ladder was manufactured in Mexico by a Mexican

company, quality control problems should be inferred. <u>See</u> Defs' Ex. 1, Dep of Thomas J. Schmitt at 61-62.  The court agrees that Plaintiff cannot suggest that quality controls problems can be inferred from the location of the plant or ethnicity of its engineers.  However, the court is not inclined to disguise the identity of Defendant Cuprum, which is a Mexican company, and which is the entity that designed the ladder.  Therefore, the court will grant in part and deny in part Defendants' motion, consistent with guidance provided here.

### IV.     Plaintiff's Motion to Exclude Reference to Plaintiff's Social Security Benefits or Eligibility (No. 67)

Plaintiff seeks to exclude reference to his eligibility for Social Security benefits.  Defendant do not oppose this motion.  Therefore, the court will deny it as moot.

### V.      Plaintiff's Motion to Preclude Argument of Misuse of Ladder (No. 68)

Plaintiff seeks to preclude Defendants' experts from opining that Plaintiff's accident was the result of his misuse of the ladder.  Essentially, Plaintiff contends that his testimony demonstrates that he was using the ladder properly at the time of the accident.  Defendants argue, however, that the physical evidence suggests that the damage to the ladder was caused by Plaintiff hitting the ladder as he fell, not by structural failure.  Defendants contend that Plaintiff must have been leaning too far and lost his balance.  Whether Defendants' experts are qualified to render this

opinion and whether this opinion is based upon reliable evidence is a matter that is best left for trial, where the court can evaluate the evidence in context. Accordingly, the court will deny Plaintiff's motion without prejudice.

### VI. Plaintiff's Motion to Preclude Testimony of Thomas Bayer (No. 69)

In a motion that somewhat overlaps the previous one, Plaintiff seeks to preclude or limit the testimony of Defendants' expert, Thomas Bayer. Plaintiff argues again that Bayer's opinion that the accident occurred because Plaintiff lost his balance has "no basis in fact." Bayer testified that the only plausible explanation consistent with the physical evidence is that Plaintiff lost his balance. In support of this opinion, Bayer relies upon "the damage to the ladder, the evaluation of the ladder, the strength of the ladder, the position that the ladder was found in after the accident, the mark on the wall, the racking of the ladder, the broken side rail on the right, the broken side rail on the left. . . ." Pl.'s Ex. 1 at 64-65.

Plaintiff contends that Bayer did not conduct any testing to support his conclusion and his background as a mechanical engineer does not qualify him to render "opinions on the biomechanics of what happens when a person falls off a ladder including what parts of their body can cause particular damage to a ladder." Pl.'s Br. at 7. Plaintiff also objects to the testing Bayer did conduct on an exemplar

ladder on May 15, 2013, as unreliable.

The lack of testing to support Bayer's conclusions does not necessarily render his opinions inadmissible. See Kamp v. FMC Corp., 241 F. Supp.2d 760, 763-64 (E.D. Mich. 2002). The reliability of Bayer's opinions, including the testing he undertook on May 15, 2013, is best assessed at trial after a proper foundation has been laid and the evidence can be viewed in context. Accordingly, the court will deny Plaintiff's motion without prejudice.

## VII. Defendants' Motion to Preclude Evidence of Other Accidents (No. 70)

Defendants seek to exclude evidence of other ladder accidents/lawsuits involving Defendants, arguing that they are not substantially similar to the accident here. See Rye v. Black & Decker Mfg. Co., 889 F.2d 100 (6th Cir. 1989). Plaintiff responds that he is not attempting to introduce prior accidents to prove causation, but to show "notice of defect, impeachment and the demonstration of scientific principles." Pl.'s Br. at 4. To be relevant and not unfairly prejudicial, however, the prior accidents must be substantially similar to the accident here. See id. At this time, the parties have not identified the prior accidents Plaintiff will seek to introduce. To properly assess the admissibility of this evidence, the court must hear the specific testimony at trial. Therefore, the court will deny Defendants' motion without prejudice.

## VIII. Plaintiff's Motion to Preclude Testimony of Thomas J. Schmitt (No. 71)

Plaintiff seeks to exclude the expert testimony of Thomas J. Schmitt, who is also the corporate representative of Defendants. Plaintiff objects to Schmitt's opinion that Plaintiff lost his balance and damaged the ladder during his fall, contending that it is unsupported by the facts. Defendants contend that Plaintiff testified that he hit the ladder as he fell and that the physical evidence is consistent with Schmitt's theory. As with the expert testimony of Thomas Bayer, the court concludes that the reliability and admissibility of Schmitt's testimony is properly assessed after a foundation is laid at trial. The court will deny Plaintiff's motion without prejudice.

## IX. Plaintiff's Motion to Preclude Undisclosed Expert Opinions (No. 72)

Plaintiff seeks to exclude any "new opinions (other than rebuttal testimony) at the time of trial based on any undisclosed testing or analysis." Defendants respond that they do not intend to have their experts provide new opinions based upon undisclosed testing. Seeing no actual controversy between the parties here, the court will deny Plaintiff's motion as moot.

## X. Plaintiff's Motion to Exclude Dissimilar Testing (No. 74)

Plaintiff seeks to exclude "dynamic load" (a load created by a change in

acceleration) testing conducted by Thomas Bayer. Bayer applied a 1,000 pound static load to the ladder, then climbed the ladder and jumped around on it (he weighs 220 pounds). He videotaped this test and visually observed the amount of deflection created by the 1,000-pound static load and by his dynamic 220-pound load. Plaintiff objects that Bayer did not measure the amount of deflection or the amount of force generated on the ladder during this test. Plaintiff further objects that Bayer's test lacked any methodology or protocol and is unreliable. Plaintiff also objects to the extent Defendants are attempting to re-create what Plaintiff was doing at the time of the accident.

Defendants respond that they are not attempting to re-create what Plaintiff was doing at the time of his fall, but rather they are offering the test as demonstrative evidence of the amount of deflection generated by different types and amounts of loads. Defendants also state that they should be allowed to counter Plaintiff's expert opinions that the ladder, which had a rating of 300 pounds, failed under normal use.

As with much of the expert testimony offered here, the reliability and admissibility of Bayer's test is appropriately assessed in the context of a proper foundation laid at trial. The court will deny Plaintiff's motion without prejudice.

**XI. Defendants' Motions to Exclude Testimony of Jack Vinson and James Glancey (Nos. 73, 79)**

Defendants also seek to exclude the testimony of Plaintiff's experts, Jack Vinson and James Glancey as unreliable and, in the case of Glancey, cumulative. Plaintiff's experts have opined that the ladder was defectively designed. Defendants contend that Vinson and Glancey's methodology and calculations were flawed and that their conclusions are not reliable. As with the other motions in limine regarding expert opinion, the court will deny Defendants' motions without prejudice. Although the court suspects that the appropriate way for both Plaintiff and Defendants to challenge expert opinion in this case is through the presentation of contrary evidence and cross-examination, it will reserve judgment on the admissibility of Vinson and Glancey's opinions until the evidence is presented in context at trial. See <u>Kamp v. FMC Corp.</u>, 241 F. Supp.2d 760, 764 (E.D. Mich. 2002).

## XII. Defendants' Motion to Preclude Evidence Regarding Negligent Manufacture, Marketing, or Distribution of the Ladder (No. 78)

Defendants contend that Plaintiff's theory here is negligent design and that Plaintiff should be precluded from presenting evidence of negligent manufacture, marketing, or distribution of the ladder. Plaintiff's experts have not opined regarding any such defects, other than a design defect. However, Plaintiff has included these theories in the joint final pretrial order. Plaintiff has not responded

to Defendants' motion.

It does not appear that Plaintiff has pursued the theories of negligent manufacture, marketing, or distribution in this matter. Plaintiff has not presented evidence regarding these theories, such as expert testimony, thus far. Accordingly, the court will grant Defendants' motion.

## **ORDER**

IT IS HEREBY ORDERED as follows:

(1) Defendants' motion to preclude argument regarding number of ladder accidents (No. 64) is DENIED WITHOUT PREJUDICE.

(2) Defendants' motion to preclude reference to 2007 recall (No. 65) is GRANTED.

(3) Defendants' motion to preclude reference that Defendant Cuprum is a Mexican company (No. 66) is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

(4) Plaintiff's motion to exclude reference to social security benefits (No. 67) is DENIED AS MOOT.

(5) Plaintiff's motion to preclude argument of misuse of ladder (No. 68) is DENIED WITHOUT PREJUDICE.

(6) Plaintiff's motion to preclude testimony of Thomas Bayer (No. 69) is

DENIED WITHOUT PREJUDICE.

(7) Defendants' motion to preclude evidence of other accidents/lawsuits (No. 70) is DENIED WITHOUT PREJUDICE.

(8) Plaintiff's motion to preclude testimony of Thomas Schmitt (No. 71) is DENIED WITHOUT PREJUDICE.

(9) Plaintiff's motion to preclude undisclosed expert opinions (No. 72) is DENIED AS MOOT.

(10) Defendants' motion to exclude testimony of Jack Vinson and James Glancey (No. 73) is DENIED WITHOUT PREJUDICE.

(11) Plaintiff's motion to exclude dissimilar testing (No. 74) is DENIED WITHOUT PREJUDICE.

(12) Defendants' motion to preclude evidence regarding negligent manufacture, marketing, or distribution (No. 78) is GRANTED.

(13) Defendants' motion to preclude cumulative and non-expert testimony of James Glancey (No. 79) is DENIED WITHOUT PREJUDICE.

s/John Corbett O'Meara
United States District Judge

Date: June 10, 2014

   I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 10, 2014, using the ECF system.

              <u>s/William Barkholz</u>
              Case Manager