UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PICKEN,

    Plaintiff,

v.

LOUISVILLE LADDER, INC., a foreign
corporation, and CUPRUM S.A. de C.V.,
a foreign corporation,

    Defendants.
_____/

Case No. 11-13044

Hon. John Corbett O'Meara

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR NEW TRIAL**

Before the court is Plaintiff's motion for new trial, filed July 14, 2014. Defendants submitted a response on July 25, 2014. For the reasons explained below, Plaintiff's motion is denied.

**BACKGROUND FACTS**

This is a products liability action involving a stepladder. Plaintiff fell off a ladder designed by Defendants and contended that the ladder was defective. Defendants argued that Plaintiff's fall was caused because he lost his balance. After a five-day trial, a jury rendered a verdict in favor of Defendants. Plaintiff seeks a new trial pursuant to Rule 59.

## LAW AND ANALYSIS

I. **Standard of Review**

The court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Generally courts have interpreted this language to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.,* the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1046 (6th Cir. 1996). "Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial." Tompkin v. Philip Morris USA, Inc., 362 F.3d 882, 891 (6th Cir. 2004).

Plaintiff contends that two errors warrant the grant of a new trial: first, the admission of demonstrative testing by Defendants' expert, Thomas Bayer; and second, an alleged violation of the court's sequestration order.

II. **Admissibility of Thomas Bayer's Testing**

Thomas Bayer is a mechanical engineer who has experience with ladder design and testing. He testified as a defense expert at trial. Based upon the

damage to the ladder at issue, Bayer opined that Plaintiff lost his balance and fell, causing the damage to the ladder. In order to illustrate the principles underlying his testimony, Bayer offered videotaped tests, such as that of a person ascending and descending a ladder and loading weight on the ladder. Plaintiff argue that Bayer's testing was admitted in error because there was no showing that the testing was based upon reliable principles or methods, and that it lacked the scientific rigor required by Fed. R. Civ. P. 702. Defendants contend that these tests were offered to help the jury understand how a ladder responds to dynamic forces and static loads, not to recreate Plaintiff's accident.

As a general rule, the Sixth Circuit has held that "[e]xperimental evidence is admissible so long as the evidence is relevant and probative, and experimental evidence is deemed to have probative value if the conditions of the experiment were identical with or similar to the conditions of the transaction in litigation." United States v. Baldwin, 418 F.3d 575, 579-80 (6th Cir. 2005) (quoting Crown Cork & Seal Co. v. Morton Pharm., Inc., 417 F.2d 921, 926 (6th Cir.1969)). The conditions of the experiment must be "substantially similar" to those of the event at issue, but "[a]dmissibility ... does not depend on perfect identity between actual and experimental conditions." Id. (citation omitted) "Where the conditions are substantially similar, 'dissimilarities affect the weight of the evidence, not its

admissibility.'" Id. (citation omitted).

"When the demonstrative evidence is offered only as an illustration of general scientific principles, not as an reenactment of disputed events, it need not pass the substantial similarity test." Muth v. Ford Motor Co., 461 F.3d 557, 566 (5th Cir. 2006). See also Gilbert v. Cosco, Inc., 989 F.2d 399, 402 (10th Cir. 1993). ("[E]xperiments which purport to recreate an accident must be conducted under conditions similar to that accident, while experiments which demonstrate general principles used in forming an expert's opinion are not required to adhere strictly to the conditions of the accident.").

Here, Plaintiff does not argue that Bayer's testing attempted to recreate the accident or that the testing was misleading to the jury. Although Plaintiff argues that the testing lacked "scientific rigor," such demonstrative evidence is not necessarily subject to a Daubert analysis, but is admissible if it is relevant and probative. Plaintiff does not argue that the tests were not relevant and probative. Further, Plaintiff had the opportunity to cross-examine Bayer at trial and attack the credibility and reliability of his tests. The court finds that the admission of this evidence does not warrant a new trial.

### III. Violation of Sequestration Order

Plaintiff also contends that Defendants violated the court's sequestration

order. "The purpose of sequestration is to prevent witnesses from tailoring testimony to that of other witnesses, and to aid in detecting false testimony." <u>Duke v. Pfizer, Inc.</u>, 867 F.2d 611 (6th Cir. 1989) (table).

At his deposition, Bayer testified that he did not have evidence that Plaintiff was misusing the ladder when he fell. Bayer did opine, however, that Plaintiff must have lost his balance, based on his view of the evidence. At trial, Plaintiff offered photographs into evidence which recreated his position on the ladder before he fell. Based on those photographs, Bayer testified at trial that Plaintiff was overreaching as he stood on the ladder, which caused Plaintiff to lose his balance and fall. Plaintiff objects to this testimony, arguing that Bayer discussed his testimony (and Plaintiff's trial testimony) with Defendants' counsel in violation of the court's sequestration order.

It is not a violation of the court's sequestration order, however, for an expert witness to discuss his testimony with counsel. <u>See</u> Courtroom Procedures and Decorum Order at ¶ 29 (Docket No. 76). In this case, new photographs were presented that were not available when Bayer was deposed. Defense counsel was entitled to discuss this evidence with Bayer, particularly in light of the fact that Bayer was providing an expert opinion that may have been affected by the new information. Finding no violation or prejudice to Plaintiff, the court concludes that

...

a new trial is not required.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion for new trial is DENIED.

                            s/John Corbett O'Meara
                            United States District Judge

Date:  September 17, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 17, 2014, using the ECF system.

                            s/William Barkholz
                            Case Manager